| STATE OF NORTH CAROLINA | File No. 23-CVS-164 |
|---|---|
| HENDERSON County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| SANFORD A KILLIAN |
| Address |
| 434 Eade Rd. |
| City, State, Zip |
| Etowah, NC 28729 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) |
|---|
| Susan A. Morris |
| & Katrina Mooney |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| SUSAN W. MORRIS | KATRINA MOONEY |
| 98 Schenck Drive | 98 Schenck Drive |
| Pisgah Forest, NC 28768 | Pisgah Forest, NC 28768 |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Donald H Barton | 11/30/23 | 2:50 | ☐ AM ☒ PM |
| 158 E Main St | Signature | | |
| Brevard, NC 28712 | [signature] Jimmy Howley | | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

**GOVERNMENT EXHIBIT 1**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF TRANSYLVANIA     FILE NO:: 23-CVS-164

SANFORD A. KILLIAN,
    Plaintiff,

v.

**COMPLAINT FOR DEFAMATION LIBEL/SLANDER, COMPLAINT FOR INTERFERENCE WITH AT WILL EMPLOYMENT; TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND LIBEL/SLANDER**

SUSAN W. MORRIS and
KATRINA MOONEY,
    Defendants.

---

THE PLAINTIFF, complaining of the Defendant's, alleges and says as follows:

## COUNT ONE AND COMPLAINT FOR DEFAMATION FOR INTERFERENCE WITH AT WILL EMPLOYMENT

1. Plaintiff is a citizen and resident of Henderson County, North Carolina, and has been for more than six(6) months next preceding the institution of this action.

2. The Defendant's are residents of Transylvania County, North Carolina.

3. Plaintiff was formerly employed with USDA-FS Job Corp in the R/L department for more than 32 years with the last 18 years as a supervisor.

4. Plaintiff's rate of compensation was together with benefits of medical insurance, retirement and other benefits.

5. Defendant, Susan Morris, was employed with Schenk as a Cook.

6. Defendant, Katrina Mooney, was employed with Schenk as a Cook.

7. The parties respective employments were in positions where they had regular contact with each other.

8. On or about the 13th day of January, 2022 the Defendant, Susan W. Morris, filed a complaint against the Plaintiff with the Plaintiff's Employer's Anti Harassment Department stating that Plaintiff had sexually harassed her and assaulted her.

9. Defendant, Susan W. Morris, then induced Defendant, Katrina Mooney, to supply a sworn statement to Plaintiff's employer that she witnessed Plaintiff inappropriately touching Defendant, Susan W. Morris.

10. These statements were false when made by these Defendant's, and were known to be false at the time they were made, or made with reckless disregard as to whether they were true or false.

11. These statements were libelous and slanderous per se in that:

    a. They were published by these Defendant's to someone other than the Plaintiff;

    b. They were of and concerning the Plaintiff;

    c. They were false:

    d. Which considered alone without innuendo;

        i. Tends to subject the Plaintiff to ridicule, public hatred, contempt or disgrace;
        ii. Tends to impeach the Plaintiff in his trade or profession;
        iii. Charges that Plaintiff has committed a punishable criminal offense.

12. These statements were published out of spite, ill will, personal malice, bad faith and without justification, published with the intention of damaging Plaintiff's personal and business reputation and with intention to injure the Plaintiff by depriving him of the respect, confidence and esteem essential to Plaintiff's continued employment and the statements were published with the intention to deprive Plaintiff of his good name, reputation and esteem of his professional associates, friends and acquaintances and to hold Plaintiff up to public scorn, contempt, ridicule and disgrace.

13. As a result of these malicious publications, Plaintiff has suffered extreme embarrassment, public humiliation, mental agony and damage to his name and reputation.

## COUNT TWO AND COMPALINT FOR INTERFERENCE WITH AT WILL EMPLOYMENT

14. Plaintiff reincorporates and realleges paragraphs 1-13 of count one.

15. That the acts of the Defendant's hereinabove, and hereinafter complained of, were done maliciously; in bad faith; without justification and induced Plaintiff's employer to discharge Plaintiff after 32 years employment.

16. That prior to Plaintiff's discharge Plaintiff had been employed for more than 32 years with $81,000.00 earning at the time of his discharge $35 per hour with benefits such as medical and dental insurance, retirement benefits, paid vacation, secured leave and sick days; longevity pay and other benefits.

17. Defendant's wrongful statements directly led to Plaintiff's discharge and a loss of benefits; Plaintiff had intended to work approximately 8 more years before retirement.

18. The damages Plaintiff has suffered as a direct result of Defendant's wrongful interference with Plaintiff's employment exceed $81,000.00 in lost income and benefits past and prospective.

19. That except for Defendant's wrongful interference with Plaintiff's employment Plaintiff would have earned more than $81,000.00 in employment benefits until his retirement and the retirement benefits he lost as a direct and proximate result of Defendant's wrongful interference with his employment exceed(s) $500,000.00.

## COUNT THREE AND TORTORIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

20. Plaintiff reincorporates and realleges paragraphs 1-19 of count one and count two.

21. That the acts complained of done by Defendant's were wrongful, defamatory, willful, malicious, and done in bad faith directly causing Plaintiff's employer to discharge him; and as a direct and proximate result of Defendant's defamatory statements. Plaintiff was discharged from his employment on the 23 day of January, 2022.

### DEMAND FOR PUNITIVE DAMAGES

22. The conduct of these Defendant's as set forth above was activated by a sense of personal ill will towards Plaintiff and the acts complained of was conduct of the Defendant's that was maliciously done with malice.

**WHEREFORE,** Plaintiff prays the Court:

1. That he recover jointly and severally compensatory damages in excess of $25,000.00.

2. That he recover punitive damages in an amount to be determined by the jury.

STATE OF NORTH CAROLINA

COUNTY OF TRANSYLVANIA            ACKNOWLEDGMENT

    **Sanford Killian,** being first duly sworn, depose and says that he is the Plaintiff in the above-entitled action; that he has read the foregoing instrument and knows the contents thereof; that the same is true to his own knowledge except for those matters and things therein stated upon information and belief, and as to those matters and things he believes them to be true.

_____
**Sanford Killian**

    Sworn to and subscribed before me this the 17 day of November, 2023.

My Commission Expires: 6/2/2026

_____
Notary Public

```
VICTORIA OWEN
NOTARY PUBLIC
Transylvania County
North Carolina
My Commission Expires June 2, 2026
```

3. That Plaintiff recover the costs and expenses of this action and recover such other and further relief as to which Plaintiff may be entitled either in law or equity.

This the 30 day of January, 2024.

*/s/ Donald N. Barton*

Donald H. Barton
Attorney for Plaintiff
Donald H. Barton, P.C.
P.O. Box 1209
158 East Main Street
Brevard, NC 28712
(828) 883-4020-Telephone
(828) 885-2835-Fax