IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00097-MR-WCM

| | |
|---|---|
| SANFORD A. KILLIAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN W. MORRIS; ) <br> KATRINA MOONEY, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

This matter is before the Court on the United States' Unopposed Motion to Substitute (the "Motion to Substitute," Doc. 2) and Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (the "Motion to Extend," Doc. 4).

I. Relevant Background

On January 30, 2024, Plaintiff filed his Complaint against Susan W. Morris and Katrina Mooney ("Defendants") in the Superior Court of Henderson County, North Carolina. Doc. 1-1.

On April 3, 2024, the United States removed the case. Doc. 1. Attached to the Notice of Removal is a "Certification of Scope of Employment" which states that "with respect to the events alleged in the Complaint, which allegations are denied for purposes of assessing liability, the defendants, Susan

1

W. Morris and Katrina Mooney, employees of the United States Department of Agriculture, Forest Service, were acting at all relevant times within the course and scope of their federal employment" (the "Certification," Doc. 1-2).

On April 9, 2024, the United States filed the Motion to Substitute and Defendants filed the Motion to Extend. Docs. 2, 4. Both Motions are unopposed.

II. Discussion

Generally, "[w]hen a plaintiff brings an action against federal employees, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or her employment at the time of the incident giving rise to the claim. . . ." McAdoo v. United States, No. 1:14cv239-MOC-DLH, 2015 WL 4757266, at * 4 (W.D.N.C. July 8, 2015), report and recommendation adopted, No. 1:14-CV-00239-MOC, 2015 WL 4757284 (W.D.N.C. Aug. 12, 2015).

If such a certification is provided, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679 (d)(1); see also Wilson v. Jones, 902 F.Supp. 673, 677 (E.D. Va. 1995) ("If a claim is brought against an employee in federal court and the Attorney General certifies that the employee was acting within the

scope of his employment, then the Act requires that the United States be substituted as the party defendant.").

Here, Plaintiff has not contested the Certification and does not oppose the Motion to Substitute. See Maron v. United States, 126 F.3d 317, 323 (4th Cir. 1997) ("the certification satisfies the government's prima facie burden…."); Wilson v. Jones, 902 F.Supp. 673, 679 (E.D. Va. 1995) ("The scope certification serves as *prima facie* evidence that the defendant was acting within the scope of his employment, so if the certification is not contested by the plaintiff, the district court should substitute the United States as party defendant under 28 U.S.C. § 2679(d)(2).").

Therefore, the Motion to Substitute will be allowed.

Additionally, for the reasons set forth in the Motion to Extend, the United States will be provided additional time to respond to the Complaint.[1]

**IT IS THEREFORE ORDERED THAT**:

1. The United States' Unopposed Motion to Substitute (Doc. 2) is **GRANTED**, and the United States is **SUBSTITUTED** in the place of Defendants Susan W. Morris and Katrina Mooney.

2. Defendants' Unopposed Motion for Extension of Time to Answer or

---

[1] Although the Motion to Extend was filed by Defendants, the Motion references the Motion to Substitute and asserts that the request for an extension to respond to Plaintiff's Complaint is also sought on behalf of the United States. Doc. 4 at 1 n. 1.

Otherwise Respond to Plaintiff's Complaint (Doc. 4) is **GRANTED IN PART**, and the deadline for the United States to file an answer or otherwise respond to Plaintiff's Complaint is **EXTENDED** through and including May 10, 2024.

Signed: April 17, 2024

W. Carleton Metcalf
United States Magistrate Judge