IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00097-MR-WCM

| | |
|---|---|
| SANFORD A. KILLIAN, ) ) Plaintiff, ) ) vs. ) ) UNITED STATES, ) ) Defendant. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the United States' Motion to Dismiss [Doc. 6].

I. **BACKGROUND**

On January 30, 2024, the Plaintiff Sanford A. Killian, a former employee of the United States Forest Service (the "USFS"), commenced this action by filing his Complaint in the Superior Court of North Carolina alleging claims for defamation, interference with at-will employment, and tortious interference with economic advantage against Susan W. Morris ("Morris") and Katrina Mooney ("Mooney"), two other employees of the USFS. [Docs. 1-1: Complaint; 1-2: Certification of Scope of Employment]. The Plaintiff generally alleges that "[o]n or about the 13th day of January, 2022[,]" Morris

made a false report to the USFS that the Plaintiff sexually harassed and assaulted her and that Mooney submitted a false "sworn statement to [the USFS] that she witnessed the Plaintiff inappropriately touching" Morris. [Doc. 1-1 at ¶¶ 8-10].

On April 3, 2024, the United States removed the case to this Court. [Doc. 1]. On April 18, 2024, after it certified that Morris and Mooney were "acting at all relevant times within the course and scope of their federal employment[,]" [Doc. 1-2], the United States was substituted as the Defendant in this matter pursuant to 28 U.S.C. § 2679(d)(1).[1] [Doc. 5]. On May 10, 2024, the United States moved to dismiss this action for lack of subject matter jurisdiction. [Doc. 6]. The Plaintiff has not responded to the United States' motion, and the time for so doing has now passed. Thus, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citation omitted). Thus, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss[.]"

---

[1] The Plaintiff did not oppose this substitution.

Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise a court's lack of subject matter jurisdiction as grounds for dismissing an action.  A defendant can make a "facial challenge" under Rule 12(b)(1) by arguing that the plaintiff's allegations do not plausibly invoke the Court's subject matter jurisdiction. See Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc., 892 F.3d 613, 621 n.7 (4th Cir. 2018).  Where such a challenge is made, the Court takes the plaintiff's factual allegations as true.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

**III.    DISCUSSION**

When federal employees are sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 empowers the Attorney General of the United States to certify that the employees were "acting within the scope of [their] office or employment at the time of the incident out of which the claim arose...." De Martinez v. Lamagno, 515 U.S. 417, 419–20 (1995) (quoting in part 28 U.S.C. § 2679(d)(1)).  Upon such certification, the employees are dismissed from the action and the United States is substituted as the defendant.  Upon substitution of the United States, the "case then falls under the governance of the Federal Tort Claims Act (FTCA)…." De Martinez, 515 U.S. at 420.

3

While the United States generally enjoys broad immunity from suit, this immunity is partially abrogated by the FTCA, which provides the exclusive remedy for torts committed by employees of the federal government while acting within the scope of their employment. United States v. Smith, 499 U.S. 160, 173 (1991); Maron v. United States, 126 F.3d 317, 321-22 (4th Cir. 1997). "Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000).

"A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident." Id. (citing 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]")). Additionally, "when a plaintiff presents their claim to the agency, the plaintiff must state the sum they are seeking for their claim" and "must wait either for the claim to be finally denied by the agency or for the agency to fail to make final disposition of the claim within six months after it is filed." Est. of Van Emburgh *ex rel.* Van Emburgh v. United States, 95 F.4th 795, 801 (4th Cir. 2024) (internal quotation marks and citations omitted). "[T]he requirement of filing an

4

administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

Here, the Plaintiff does not allege, and the record does not otherwise indicate, that he presented the claims raised in this matter to the USFS before filing suit. [See generally Doc. 1-1]. To the contrary, the United States has filed a declaration by Charlene Rider, "a Supervisory Legal Administrative Specialist for the [USFS]," stating that she "conducted a diligent search of the [USFS's] records as of May 10, 2024[,]" and that she "did not locate any administrative claim presented to the [USFS] by or on behalf of plaintiff, Sanford A. Killian." [Doc. 7-1: Rider Decl. at ¶¶ 1-3]. As the Plaintiff has failed to present his claims to the USFS in a timely manner, and because such presentment requirement is jurisdictional and cannot be waived, the Plaintiff's claims must be dismissed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the United States' Motion to Dismiss [Doc. 6] is hereby **GRANTED,** and the Plaintiff's claims are hereby **DISMISSED** for lack of subject matter jurisdiction.

The Clerk of Court is respectfully directed to close this case.

5

**IT IS SO ORDERED.**

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge